**SMITH, Appellant,**

v.

**SMITH, Appellee.**

[Cite as *Smith v. Smith* (1991), 75 Ohio App.3d 679.]

Court of Appeals of Ohio,
Scioto County.

No. 1931.

Decided Aug. 23, 1991.

*Catherine S. Heid,* for appellant.
*Carl Franklin Smith, pro se.*[1]

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Scioto County Common Pleas Court ordering Sherri Smith, plaintiff below and appellant herein, to seek employment and ordering appellee to pay $100 each month for the support of his two minor children.

Appellant assigns the following errors:

First Assignment of Error:

"The trial court's approval and entry of record, order filed 9–4–90, of recommendation # 4, of the report of the referee, filed 8–3–90, ordering plaintiff, appellant, to seek employment and report back to the court, was not supported by findings of fact sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching ·a

---

1. Carl Franklin Smith did not file an appellate brief or enter an appearance in this appeal.

judgment order as is required by Civil Rule 53(E)(5) and is error. The plaintiff appeals the entry of 9–4–90."

Second Assignment of Error:

"The trial court's approval and entry of record, order filed 9–4–90, of recommendation # 4, of the report of the referee, filed 8–3–90, ordering plaintiff, appellant, to seek employment and report back to the court, citing ORC 3113.21(D)(7) is error as a matter of law. The entry of 8–6–90 and 9–4–90 are error as a matter of law."

Third Assignment of Error:

"The referee's report filed 8–3–90, the trial courts entry, filed 9–4–90, are against the manifest weight of the evidence."

Fourth Assignment of Error:

"The referee's report filed 8–3–90, and the trial court's entry, filed 9–4–90, are an abuse of the court's discretion and are thereby arbitrary and capricious."

Fifth Assignment of Error:

"The failure of the court to set a child support amount greater than $100.00 per month was against the manifest weight of the evidence and an abuse of discretion."

The parties married in 1975. When appellant sought a divorce in 1978, the parties' two children were sixteen months old and five months old, respectively. On June 9, 1978, the court granted appellant a default divorce and awarded custody of the children to appellant. The court continued the matter of child support.

Neither the parties nor the court took any action in the case for twelve years. On April 2, 1990, the Scioto County Child Support Enforcement Agency ("CSEA"), on behalf of appellant, filed: (1) a motion seeking reimbursement for Aid to Dependent Children payments and medical payments paid to appellant on behalf of the children, and (2) a motion requesting the court to establish a child support amount. No other motions appear in the record.

On August 1, 1990, a hearing was conducted before the referee. Appellee did not appear at the hearing. At the hearing appellant directed the referee's attention to appellee's answers to interrogatories and to appellant's request for production of documents. Appellee's answers, although unsigned and not under oath, appear in the court file transmitted on appeal and indicate he operates his own exterminating business, earns $433.42 each month, and has expenses of $876.12 each month. Appellee did not honor appellant's request to attach copies of his income tax returns to his answers.

Appellant's counsel also directed the referee's attention to receipts for five voluntary child support payments appellee made in 1989 as follows:

| | |
|---|---|
| March 23, 1989 | $200 |
| April 24, 1989 | $240 |
| May 25, 1989 | $200 |
| August 2, 1989 | $200 |
| December 8, 1989 | $200 |

During the hearing, appellant acknowledged the record does not contain sufficient information to enable the court to compute appellee's child support payment pursuant to R.C. 3113.215. Appellant requested the referee to recommend the court order appellee to supply his W-2 forms and his income tax returns for the previous two or three years. Although the referee stated he would not recommend such an order, the referee's report contains the requested order.

Appellant, the only witness who testified at the hearing, stated she resides with her two children and she receives Aid for Dependent Children benefits. In the near future, appellant plans to attend college using Pell grants. Appellant further testified that she was previously employed with Nationwide Data Entry and earned $225 each week, but she does not have the option of returning to that employment. Appellant acknowledged appellee made five voluntary child support payments in 1989. The five child support payments constituted the only child support payments made by appellee since the parties' 1978 divorce.

On August 3, 1990, the referee issued a report that included the following findings:

"3. Find defendant, Carl Smith, answered interrogatories sent to him by CSEA. He is employed at Aaron Exterminating Company, P.O. Box 722465, Houston, Texas, 77272-2465 at an annual gross income of $5,201.04. Defendant is remarried and has two minor children by his present wife. He listed monthly expenses of $876.12.

"4. Find defendant was requested to also furnish his W-2 forms for 1989 and his Schedule C from his 1989 tax returns. These were not furnished.

"5. Plaintiff, Sherri Smith, testified she has not remarried. She was formerly employed by Nationwide Data System at $225.00 per week. She went on ADC in January of 1990 and is planning on attending business college in New Boston, Ohio on Pell Grants.

"* * *

"7. Find both parents have the ability to contribute to the children's support."

The referee made recommendations including the following:

"1.   Defendant pay to the plaintiff child support in the amount of $100.00 per month, plus poundage of $2.00, for a total payments of $102.00 per month commencing 4–2–90.   Said support to be wage withheld for [*sic*] obligor's employer.

"2.   Defendant is ordered to furnish the CSEA with copies of his 1989 W–2's, his income tax Schedule C and a statement of his 1990 earnings to date. These are to be furnished by 8–20–90.

"*  *  *

"4.   Plaintiff is ordered to seek employment and report to the Court on Tuesday, September 18, 1990 at 9:00 a.m."

On August 6, 1990, the court issued a judgment entry adopting the referee's report.

Subsequently, the trial court granted appellant's motion for an extension to file objections to the referee's report.   Appellant objected to findings 3 and 5, and to recommendations 1 and 4 of the report.   Appellant asserted the court failed to consider the relevant statutes, and failed to consider evidence that appellee has an ability to pay at least $200 each month for child support. Appellant further asserted the court has no authority under R.C. 3113.21 to order a custodial parent to seek employment.   A hearing to consider appellant's objections to the referee's report was scheduled for October 19, 1990.

On September 4, 1990, the court issued a final judgment adopting the referee's report.   On September 6, 1990, appellant filed a timely notice of appeal.   The trial court granted appellant's request for a stay of the order to seek employment pending appeal.

Initially we note two matters that hinder our review of this appeal.   First, appellee did not file an appellate brief or otherwise enter an appearance in this appeal.   App.R. 18(C) provides:

"Consequence of failure to file briefs.   *  *  * If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument;  and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action."

The rule permits us to reverse the judgment below if the appellant's brief reasonably appears to sustain a reversal.

Second, the appellant did not separately argue each of her five assignments of error.   Rather, appellant separately argued six "issues presented for

appeal." Some of the "issues" correspond to appellant's assignments of error and some do not. App.R. 12(A) provides in pertinent part:

" * * * Errors not specifically pointed out in the record and separately argued by brief may be disregarded. * * * "

Thus, App.R. 12(A) permits us to disregard assignments of error which an appellant does not separately argue by brief.

Despite the absence of an appellee's brief, and despite the lack of separately argued assignments of error in appellant's brief, we will address the merits of this appeal.

## I & II

Because appellant's first and second assignments of error raise related issues, they will be consolidated for purposes of this appeal.

■ In her first assignment of error, appellant asserts the trial court's judgment ordering her to seek employment is not supported by sufficiently detailed findings of fact in the referee's report to enable the court to make an independent analysis of the issues. Appellant cites Civ.R. 53(E)(5) that provides:

" * * * The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. * * * "

Civ.R. 53(E) contemplates a report from the referee that includes a statement of the basis of his findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. See *Zacek v. Zacek* (1983), 11 Ohio App.3d 91, 11 OBR 143, 463 N.E.2d 391; *Logue v. Wilson* (1975), 45 Ohio App.2d 132, 74 O.O.2d 140, 341 N.E.2d 641, and *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 14 O.O.3d 215, 396 N.E.2d 807.

In her second assignment of error, appellant asserts the trial court's judgment ordering her to seek work is error as a matter of law. Appellant argues that no statutory authority exists to permit the court to issue a seek work order against a custodial parent. Appellant asserts R.C. 3113.21(D)(7) provides that a court is permitted to issue seek employment orders only against obligors.

■ Appellant contends because R.C. 3109.05 and 3113.215 require the court to consider certain factors when determining an amount of child support, the referee's report must contain information on all those factors. We disagree. We do not believe a referee's report must recite all the evidence, or absence of evidence, regarding each and every factor mentioned in the statutes.

■ We do, however, find that neither the record transmitted on appeal nor the referee's report contains sufficient information to support the court's *sua sponte* judgment ordering appellant to seek employment. Appellee did not file a motion requesting the court to issue a seek employment order nor did appellee attend the hearing. In fact, at the August 1, 1990 hearing before the referee, there was no mention of the referee's intention to recommend the court issue an order requiring appellant to seek employment. The first time a seek employment order was mentioned was when the referee included a recommendation in his report that appellant be required to seek employment.

One would certainly acknowledge that in most cases children would benefit from the employment of their parent rather than the receipt of public assistance benefits. However, in the case *sub judice* no evidence was adduced indicating appellant's children would benefit from a seek employment order more than they would benefit from appellant's plans to further her education and increase her likelihood of finding meaningful employment.

The factor of primary importance in our review is that appellant did not have the opportunity to defend against the court's *sua sponte* imposition of a seek employment order. The evidence indicates that the imposition of such an order may interfere with appellant's plans to attend college. Additionally, the referee's report and the judgment entry adopting the referee's report did not contain a sufficient factual and legal basis to support the order. Neither the report nor the entry includes any reference to applicable statutes, case authority or rationale for the issuance of the seek employment order. Although the referee's report included information regarding appellant's work history, receipt of public assistance benefits, plans to attend college, and information that both parents possess the ability to contribute to the support of the children, the report does not, in light of all the evidence adduced at the hearing, support the *sua sponte* seek employment order. ·

We need not address the hypothetical question of whether a court may order a custodial parent to seek employment. We note, however, that one appellate district has held that courts may issue seek employment orders requiring unemployed custodial parents to seek employment. In *Bonner v. Hightower* (Nov. 8, 1989), Richland App. No. CA–2694, unreported, 1989 WL 137239, the court wrote:

"The proceedings leading to this appeal began by a motion of the custodial parent seeking support from the father.

"Following hearing, the referee made findings that appellant, custodial mother, is unemployed and receives $117.00 in food stamps and $253.00 per month on ADC. She lives with her parents and the child. She has monthly expenses of $307.33 and has been unemployed for 14 months. * * *

"The referee recommended an order of $75.00 per week from the father by way of support, and:

" * * * Further, the Referee finds that the plaintiff is unemployed and that there is no reason why she should not be employed, contribute to the support of the child in this case. And therefore, a seek work order shall issue against the plaintiff * * *

"Following a hearing upon objections, the trial court overruled the objections and made the recommended order, observing, 'under Ohio Revised Code 3109.05(A), the court may order either or both parties to support or help support their children.' * * *

"The gist of appellant's argument is that the child support enforcement provisions of R.C. 3113.21 extends authority only to 'obligors.' She claims she is not an obligor, rather an obligee.

"We disagree.

"Consistent with the reciprocal and mutual obligation of support imposed upon parents, R.C. 3109.05, in this case the mother and father occupy the position of both obligor and obligee. As to the weekly support order, the father is an obligor. As to the order to participate in the work program, the mother is the obligor. * * * "

Accordingly, based upon the foregoing reasons, appellant's assignment of error is sustained.

### III

In her third assignment of error, appellant asserts the referee's report and the judgment of the lower court are against the weight of the evidence. Although appellant does not specify what portion of the judgment she addresses in this assignment of error, the "statement of issues presented for appeal," and the fact the fifth assignment of error asserts the child support order is against the weight of the evidence, lead us to presume this third assignment of error addresses the seek employment order.

In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273, the Supreme Court held reviewing courts may not reweigh the evidence, but must affirm judgments supported by competent, credible evidence. See, also, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154, and *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

As we have discussed under appellant's first assignment of error, after our review of the evidence adduced at the hearing in the case *sub judice*, we find

insufficient evidence to support the court's *sua sponte* judgment ordering appellant to seek employment.

Therefore, for the foregoing reasons, appellant's third assignment of error is sustained.

## IV

In her fourth assignment of error, appellant asserts the referee's report and the court's judgment entry constitute an abuse of discretion. Again, we presume appellant refers to the portion of the judgment ordering her to seek employment.

In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the court held that an abuse of discretion standard applies to child support appeals:

" * * * [W]e believe that common sense and fundamental fairness compel the application of the 'abuse of discretion' standard in reviewing matters concerning child support and visitation rights. As this court has held many times, an ' "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * ' "

As we discussed under appellant's third assignment of error, the trial court's issuance of the seek employment order was against the manifest weight of the evidence. Further, we note appellant was unaware the court would *sua sponte* order her to seek employment. Consequently, appellant had no opportunity to present evidence in her defense. We believe the court abused its discretion by issuing the *sua sponte* seek employment order.

Therefore, for the foregoing reasons, appellant's fourth assignment of error is sustained.

## V

In her fifth assignment of error, appellant asserts the trial court's failure to establish child support in an amount greater than $100 each month was against the weight of the evidence and constituted an abuse of discretion.

As we discussed previously, an appellate court must refrain from reweighing the evidence. We must affirm the judgment entered below where some competent, credible evidence exists to support the judgment. See *Seasons Coal Co., Vogel,* and *C.E. Morris Co., supra.* Also, as we discussed previously, an abuse of discretion connotes more than a mere error of law or judgment. An abuse of discretion implies an arbitrary, capricious, or unconscionable attitude on the part of the court. See *Booth, supra.*

Appellant contends that because appellee voluntarily made four $200 payments and one $240 payment in 1989, appellant is therefore able to make $200 child support payments each month. We find no merit to appellant's argument.

The evidence adduced below regarding appellee's current income does not support appellant's contention. After a review of the record, we find the child support order requiring payments of $100 each month is supported by the evidence does not constitute an abuse of the trial court's discretion. We note the court below made specific findings concerning the absence of appellee's W–2 forms and tax returns. The court, in fact, ordered appellee to submit the forms and tax returns to the CSEA. If the information reveals appellee's annual income is not $5,201.04, the agency may request a modification of the amount of child support.

Lastly, we note appellant did not raise an argument concerning whether the trial court correctly followed the applicable R.C. 3113.215 worksheet when calculating child support. Accordingly, we will not address that issue.

Therefore, based upon the foregoing reasons, appellant's fifth assignment of error is overruled.

*Judgment affirmed in part*
*and reversed in part.*

STEPHENSON, P.J., concurs.

GREY, J., concurs in judgment only.