OPINION
This appeal arises out of a trial court decision reimposing on Appellant, Brandi Everly, three days of a previously- suspended ten-day jail sentence for violation of a seek-work order and an order for Appellant to seek work a second time. Since we find both orders invalid and that prejudice resulted to Appellant from those orders, this Court reverses the trial court judgment and sentence.
On September 5, 1995, Appellant and Appellee Noble County Child Support Enforcement Agency (hereinafter NCCSEA) filed a complaint for paternity, child support and reimbursement alleging that Stephen Shuster was the father of the minor child Michael J. Shuster born September 9, 1994. Appellant and NCCSEA were both listed as plaintiffs on the complaint and Stephen Shuster was listed as defendant.
On October 13, 1995, the court held a hearing on the complaint with Appellant, Mr. Shuster and an attorney from NCCSEA present. The transcript of that proceeding indicates that the court informed Mr. Shuster of his right to retained counsel at which point Mr. Shuster indicated his intention to proceed without counsel. (Tr. of Hearing 10/13/95, p. 2). At no time did the court inquire of or inform Appellant of her right to counsel. Nor does the record indicate that Appellant received any prior notice that she would or could be subject to a seek-work order at the hearing. The parties had previously signed an administrative acknowledgment of paternity and the matter proceeded to the issue of support. NCCSEA called one of its child support workers to the stand who testified as to the arrearage amount Mr. Shuster owed and his employment information. (Tr. of Hearing 10/13/95, pp. 4-5). The attorney from NCCSEA then called Appellant who testified that she had not worked for the last two years and was receiving Aid to Dependent Children benefits. (Tr. of Hearing 10/13/95, p. 6). Appellant further testified that she occasionally cleaned a relative's house twice per month for $20.00. (Tr. of Hearing 10/13/95, pp. 7-8).
Immediately following the hearing and by judgment entry dated October 24, 1995, the court found that Stephen Shuster owed the Noble County Department of Human Services $3,839.84 in support arrearages and medical services provided for the minor child. The court also imposed a child support order upon Stephen Shuster and ordered him to seek work and provide health insurance for the minor child.
At the hearing, after Mr. Shuster became hostile regarding the court's imposition of a child support order and seek-work order upon him and not Appellant, the court asked Appellant why she was not working. (Tr. of Hearing 10/13/95, p. 19). Appellant responded that she did not have a driver's license. (Tr. of Hearing 10/13/95, p. 19). The court then told her that it would impose a seek-work order upon her. (Tr. of Hearing 10/13/95, p. 19). Appellant was told she was to seek work and to report at least ten employment contacts per month to the NCCSEA. She was further ordered to provide health insurance for the minor child.
On November 13, 1995, the seek-work order was actually issued pursuant to R.C. 3113.21 against Appellant. The order contained boilerplate language usually used against an obligor rather than an obligee. The court listed Appellant as plaintiff in the order's caption and then in the first sentence blocked out "Obligor" and placed "Obligee" in the sentence ordering the "Obligee" to seek work and provide proof to NCCSEA of at least three job applications per week. The other paragraphs of the order referred to the "Obligor."
On June 28, 1996, the NCCSEA filed a motion to show cause for contempt against Appellant for failing to seek work and to obtain health insurance. NCCSEA requested that the court order Appellant to personally appear at a hearing on the motion scheduled for July 24, 1996. The motion contained a request for attorney fees. NCCSEA also filed a similar motion against Stephen Shuster.
A deputy personally served Appellant with the order, the motion and a summons on June 28, 1996. The summons informed Appellant that she had the right to counsel and stated that Appellant had been named a defendant in a contempt action by "Brandi Everly et al." Appellant received the same summons as Stephen Shuster for the same hearing date.
A transcript of the July 24, 1996 hearing reveals that both Appellant and Stephen Shuster were present as well as an attorney representing NCCSEA. The court informed Appellant and Mr. Shuster of their right to counsel by stating "* * * you understand that you are entitled to be represented by a lawyer in these proceedings. Do you intend to proceed in these proceedings without a lawyer, Ms. Everly?" (Tr. of Hearing 7/24/96, p. 1). Both Appellant and Mr. Shuster answered in the affirmative. (Tr. of Hearing 7/24/96,, p. 1). NCCSEA proceeded to call a NCCSEA worker who testified that Appellant failed to respond to the seek-work order. (Tr. of Hearing 7/24/96, p. 5). Appellant presented no evidence and asked no questions during the proceeding, nor were questions asked of her. Mr. Shuster presented evidence and questioned the NCCSEA worker. In closing, the attorney from NCCSEA acknowledged that no evidence was presented to show contempt for failure to provide health insurance as neither party had employment or had insurance available at a reasonable cost. (Tr. of Hearing 7/24/96, p. 10).
The court found Appellant in contempt, stating that she presented no explanation as to why she failed to seek work and sentenced her to ten days in jail and ordered her to pay $100.00 in attorney fees and to pay one-half of the court costs. (Tr. of Hearincr 7/24/96, p. 11). The court suspended the jail time on the condition that Appellant abide by future court orders and pay the $100.00 attorney fees by October 15, 1996. (Tr. of Hearing 7/24/96, p. 11). The court also found Mr. Shuster in contempt on all counts including failure to pay child support and sentenced him to the same suspended sentence and fines as Appellant. (Tr. of Hearing 7/24/96, p. 11).
The court reduced its order to writing on July 29, 1996. Again, the court used boilerplate language in its order, similar to its earlier seek-work order. The order is captioned with Appellant as plaintiff and the first paragraph indicates that Appellant failed to seek work and obtain health insurance as previously ordered. However, the orders state that "defendant" is found to be in contempt, is sentenced to ten days in jail and the jail sentence is suspended upon "defendants" fulfillment of abiding all future orders of the court and paying court costs and attorney's fees.
On February 19, 1997, NCCSEA filed a "Motion to Require the Defendant to Show Cause Why She Should Not Be Held in Contempt of this Court." The motion is captioned with Stephen Shuster now as plaintiff and Appellant as defendant. The motion requests that the court require "defendant" (Appellant) to personally appear to explain why she should not be held in contempt for failure to seek work as ordered. The court sustained the motion for personal appearance and set a hearing on the motion. A deputy again personally served Appellant with the motion, the order and a summons informing her of her right to an attorney and informing her that she had been named as a defendant in a contempt action by "Stephen Shuster et al."
The transcript of the March 19, 1997 hearing shows that Appellant and the attorney from NCCSEA appeared. Again the court informed Appellant that she had a right to be represented by a lawyer and Appellant stated that she intended to proceed without counsel. (Tr. of Hearing 3/19/97, p. 1). NCCSEA called the same worker from its agency who testified in the previous hearings. The worker testified that Appellant had not complied with the original seek-work order issued by the court and did not pay the attorney fees. (Tr. of Hearing 3/19/97, p. 3). Appellant did not question the worker but chose to testify herself.
Appellant explained that she could not seek work because she did not have a babysitter for her two and a half year old child and did not have a driver's license or an automobile to seek employment. (Tr. of Hearing 3/19/97, pp. 4-5). On cross-examination, Appellant explained that all of her relatives work full-time and could not care for her child and testified that she never had a driver's license. (Tr. of Hearing 3/19/97, p. 7). Upon questioning from the court, Appellant testified that the Department of Human Services did not tell her that she had an obligation to seek employment because she was a recipient of ADC and had a two year old child. (Tr. of Hearing 3/19/97, p. 9).
The NCCSEA attorney then recalled the child support agency worker and questioned him about whether Appellant had to participate in the job program at the Department of Human Services. (Tr. of Hearing 3/19/97, p. 10). The worker told the court that Appellant was not required to participate due to the young age of her child but that she would have to participate when the child turned age 3 or 4. (Tr. of Hearing 3/19/97. p. 10).
After presentation of the evidence, the court stated that it would not make an additional finding of contempt. (Tr. of Hearing 3/19/97, p. 11). The court began to state that it would suspend the obligation to seek work but then stopped and indicated that it would not suspend that obligation despite the young age of the child because other people work even though they have young children at home. (Tr. of Hearing 3/19/97, pp. 11-12). The court found that Appellant was still under its order to seek work and that it was going to lift its previously imposed suspended sentence and impose three days of the jail sentence. (Tr. of Hearing 3/19/97, p. 12). The court found that although transportation was a problem as limited access to public transportation in the area existed, Appellant could remedy the problem by getting a driver's license. (Tr. of Hearing 3/19/97, p. 12). The court deferred the date on which Appellant would begin serving the three days because of lack of space in the jail. (Tr. of Hearing 3/19/97, p. 12).
In its April 9, 1997 written order following the March 19, 1997 hearing, now captioned with Stephen Shuster as plaintiff and Appellant as defendant and referring to Appellant as obligor, the court did not find Appellant in contempt but ordered her again to seek employment and reimposed three days of the previously-suspended ten-day jail sentence. The reimposed jail time was deferred until further order of the court. On April 9, 1997, the court issued another seek-work order against Appellant as defendant and obligor in a case captioned Stephen Shuster v. Brandi Jo Everly.
On April 29, 1997, Appellant filed a notice of appeal of the original seek-work order, the subsequent seek-work order and reimposition of the previously-suspended jail time. Appellant also filed an affidavit of indigency to obtain counsel who filed a motion for stay of execution of sentence. In her appeal, Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED IN RE-AFFIRMING, SUA SPONTE, ITS ORDER THAT APPELLANT, THE CUSTODIAL PARENT OF HER 2-YEAR [sic] SON, SEEK EMPLOYMENT, WITHOUT PRIOR NOTICE TO ANY PARTY THAT THE ISSUE WOULD BE CONSIDERED AT THE MARCH 19, 1997, HEARING. THIS ORDER VIOLATED APPELLANT'S DUE PROCESS RIGHTS, UNDER THE STATE AND FEDERAL CONSTITUTIONS, WAS NOT SUPPORTED BY THE EVIDENCE, AND WAS CONTRARY TO LAW.
 "II. THE TRIAL COURT ERRED IN RE-IMPOSING PREVIOUSLY SUSPENDED JAIL TIME, WHERE THE ORIGINAL JAIL TERM WAS IMPOSED FOR A VIOLATION OF AN UNLAWFUL COURT ORDER, REQUIRING APPELLANT TO SEEK EMPLOYMENT, WHERE THE ORIGINAL ORDER WAS MADE WITHOUT NOTICE TO APPELLANT, WHERE SHE WAS GIVEN NO OPPORTUNITY TO OBTAIN INDEPENDANT [sic] COUNSEL, OR TO PRESENT EVIDENCE ON HER OWN BEHALF, WHERE IN ADDITION, NO EVIDENCE WAS PRESENTED TO ESTABLISH THAT A SEEK-WORK ORDER WAS IN THE BEST INTEREST OF APPELLANT'S MINOR CHILD, AND WHERE THE TRIAL COURT WAS NOT EMPOWERED BY STATUTE TO ISSUE SUCH AN ORDER.
 "III. THE TRIAL COURT ERRED IN RE-IMPOSING PREVIOUSLY SUSPENDED JAIL TIME, WHERE ONE OF THE CONDITIONS UNDER WHICH THE JAIL WAS ORIGINALLY SUSPENDED INCLUDED PAYMENT OF AN UNLAWFUL AWARD OF ATTORNEY FEES, ARRIVED AT WITHOUT ANY TESTIMONY AS TO HOW THE $100.00 FEE WAS CALCULATED.
 "IV. THE TRIAL COURT ERRED IN PLACING PREVIOUSLY SUSPENDED JAIL TIME INTO EFFECT, AND ORDERING APPELLANT TO PAY COSTS, WITHOUT FINDING APPELLANT TO BE IN CONTEMPT, AND WITHOUT FINDING THAT APPELLANT HAD VIOLATED THE CONDITIONS UNDER WHICH THE JAIL TIME HAD BEEN SUSPENDED."
Based upon Dorsett v. Wheeler (1995), 101 Ohio App.3d 716, we sustain Appellant's assignment of error number two and find that both the original seek-work order and the subsequent seek-work order issued against Appellant were invalid and prejudicial. Therefore, as in Wheeler, supra, we apply the plain error doctrine to correct the lower court proceedings and reverse the trial court judgment and sentence as it pertains to Appellant. We caution that this action does not serve to reverse any judgment or proceeding relating to Stephen Shuster.
We are aware that a party's failure to object or otherwise advise the trial court of error usually results in the party's waiver of the issue on appeal. Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. However, the plain error doctrine allows correction of judicial proceedings "* * * when error is clearly apparent on the face of the record and is prejudicial to the appellant." Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223, citing State v. Eiding (1978), 57 Ohio App.2d 111. Although the doctrine is primarily reserved for criminal cases, the Ohio Supreme Court has permitted its use in civil cases even when a party fails to object. See Ingersoll, 18 Ohio St.3d 220. However, the Court has warned that:
 " * * * reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."
Goldfuss, 79 Ohio St.3d at 121, citing Schadev. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 209; LeFort v.Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124;Cleveland Elec. Illum. Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268,275.
In Dorsett Wheeler, reviewing applied the plain error doctrine to a situation similar to the case at bar.101 Ohio App.3d at 719. In that case, Dorsett received public assistance for their children from the Ohio Department of Human Resources. An attorney from the local child support enforcement agency filed a paternity complaint against Wheeler listing Dorsett and the children as plaintiffs. Dorsett, Wheeler and an attorney representing the child support agency were present at the paternity proceeding. Wheeler acknowledged paternity and the trial court issued a judgment finding Wheeler to be the if father of the children and ordering him to pay child support and reimbursement. Id. The court also sua sponte ordered Dorsett to seek employment. Id. No one objected to the order, but Dorsett later filed an appeal challenging that the court erred as a matter of law in ordering her to seek employment.
The court of appeals invoked the plain error doctrine to reverse that part of the trial court's judgment issuing the seek-work order against Dorsett. Id. The reviewing court found that although the trial court could issue a seek-work order against the obligee of a support order, the principal error in the case was the court's lack of inquiry into the status of Dorsett's legal representation or waiver of counsel in the face of a possible court order against her:
 "We believe the trial court, if not CSEA's attorney, had an affirmative duty to make direct inquiries into the status of Dorsett's legal representation. Without such inquiries being made, the procedure employed by the trial court, and by the attorneys of record, deprived Dorsett, a layperson, of a fair opportunity to protect her interests. The result of this error is that not only were Dorsett's interests not adequately protected, but there is an adverse material effect on the character and confidence in this judicial proceeding."
Wheeler, 101 Ohio App.3d at 719.
The Wheeler court found that the sentencing judge could not unilaterally order Dorsett to seek work or address other matters not raised in the pleadings when Dorsett was unrepresented by counsel and could not have foreseen that an order would be issued against her. Id. at 720-721. The court also found that the trial court could not issue such an order without the presentation of evidence on the issue and without first inquiring into whether it was in the best interests of Dorsett's children for her to remain at home. Id. at 721.
In the instant case, we need not decide if a court can issue a seek-work order against the obligee of a support order, although authority exists on both sides of the issue. See Dorsett,101 Ohio App. 3d at 721; but cf. Smith v. Smith (1991), 75 Ohio App.3d 679. Similar to Wheeler, supra, the trial court in the instant case issued the original seek-work order against Appellant without ever inquiring into the status of her legal representation. The transcript of the October 13, 1995 hearing on child support reveals that the court inquired only of Stephen Shuster whether he desired to be represented by counsel. (Tr. of Hearing 10/13/95, p. 2). The only dialogue between the court and Appellant appears in the last four lines of the transcript where the court asks Appellant if there is any reason why she is not working and then states that it will be imposing a seek-work order upon her. (Tr. of Hearing 10/13/95, p. 19). Appellant had no reason to foresee that the court would issue an order against her and the pleadings never raised the issue. Further, the October 13, 1995 transcript and resulting written order reveal no inquiry or findings regarding whether it was in the interest of the minor child to issue a seek-work order against Appellant.
The absence of these important safeguards to protect Appellant's interests resulted in an adverse material effect upon the character of the judicial proceeding. Appellant was never, at hearing, afforded an opportunity to protect her interests. Appellant surely could not have foreseen that the court would impose an order upon her at a hearing set to determine Stephen Shuster's support obligation. Further, the NCCSEA attorney did not represent or protect Appellant's interests as NCCSEA had named itself as a plaintiff in the complaint and the attorney made no effort to assist Appellant at the hearing. Had Appellant been informed of her right to legal representation, the outcome of the hearing may have been different in that counsel could have asserted legal arguments against the seek-work order based upon the language of R.C. 3113.21, itself, other Ohio law and the best interest of Appellant's two year old child. We therefore invoke the plain error doctrine to prevent this prejudice to Appellant.
Since we find the original seek-work order invalid, the resulting proceedings in contempt against Appellant are also invalid. In order to show contempt it is necessary to establish that a valid court order existed, there was knowledge of the order and a violation of the order occurred. See Arthur Young Co. v. Kelly (1990), 68 Ohio App.3d 287. Here, there was no underlying valid court order.
We also find the more recent seek-work order of April 9, 1997 invalid. That order arose out of a contempt hearing from Appellant's supposed violation of the earlier, invalid seek-work order. The transcript from the April 9, 1997 contempt hearing reveals that the trial court did inform Appellant that she had a right to an attorney and asked her if she understood that she had such a right. (Tr. of Hearing 4/9/97, p. 1). While Appellant apparently affirmed her understanding, (Tr. of Hearing 4/9/97, p. 1) the court erred in failing to inquire further into Appellant's waiver of counsel to determine the exact nature of Appellant's understanding and thus, the voluntariness of the waiver. The court also erred in failing to inquire into Appellant's indigency and in failing to explain that Appellant had a right to appointed counsel if she was determined to be indigent, since she was facing incarceration if found guilty of the contempt charge. SeeLassiter v. Department of Social Serv. (1981), 452 U.S. 18,26-27; Schock v. Sheppard (1982), 7 Ohio App.3d 45; State v.Eyrich (June 19, 1996), Monroe App. No. 745, unreported.
The trial court also failed to determine if the minor child's best interests would be served by forcing Appellant to find outside employment. At the April 9, 1997 hearing, the NCCSEA worker testified that the job program through the Department of Human Services did not presently require Appellant to participate due to the very young age of her child. (Tr. of Hearing 4/9/97, p. 10). The worker testified that in future Appellant would have to participate but that" * * * it's the age of the child that keeps her from doing it right now." (Tr. of Hearing 4/9/97, p. 10). While we do not rule on the issue per se, the trial court erred when it did not determine or mention that ordering Appellant to seek work was in the child's best interest, especially when that determination is unsupported by the evidence in the record. The court in Dorsett held that "* * * the trial court erred to Dorsett's prejudice when it unilaterally ordered her to seek employment without first I determining the best interests of the children in this matter."101 Ohio App.3d at 721. We agree with Dorsett, supra and therefore find both work orders invalid absent the fulfillment of these requirements.
For all of the foregoing reasons, we find that the original seek-work order issued on October 24, 1995 is invalid. Since an indirect contempt action cannot exist without a valid underlying order and the lower court's contempt finding of July 29, 1996 was based upon the violation of the invalid underlying seek-work order, the contempt finding and sentence are vacated. We also vacate the court's judgment and sentence of April 9, 1997 because it, too, was based upon the original seek-work order. Finally, we find the second seek-work order issued on April 9, 1997 invalid as well. We reverse the decision of the trial court and release Appellant herein.
Cox, P.J., concurs.
Vukovich, J., concurs in judgment only.
APPROVED:
 ____________________________________ CHERYL L. WAITE, JUDGE