OPINION
Defendant Joe Murphy appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which found plaintiff Lori Allen North in contempt of court for interference with appellant's visitation rights, overruled appellant's motion for custody, and sua sponte ordered appellant's visitation rights suspended pending psychological evaluation and counseling of the parties' two children. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION AS SAID DECISION WAS NOT SUPPORTED BY THE EVIDENCE AND DOES NOT COMPLY WITH THE LAW GOVERNING VISITATION MATTERS.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION IN THAT THE TRIAL COURT APPLIED AN INCORRECT STANDARD OF REVIEW WHEN REVIEWING THE MAGISTRATE'S DECISION.
The record indicates the Tuscarawas County Court of Common Pleas, Juvenile Division, found appellant to be the natural father of Corey Joe Murphy and Stephanie Colleen Murphy on June 14, 1995. The court ordered appellant to pay temporary child support in the amount of $250 per child per month, and ordered temporary visitation as the parties may agree. The juvenile court designated appellee, the children's natural mother, as the temporary residential parent. Thereafter, the parties were in court several times to establish and clarify appellant's visitation rights. In addition, appellant candidly admits from 1995 to 1999, he failed to comply with the child support order, and the parties were in court numerous times. Appellant offered evidence he is physically disabled because of post-polio syndrome, and his only income source was Social Security benefits. Ultimately, the court reduced appellant's child support order in August of 1999, to $25 per month plus $10 per month on the arrearages, because of appellant's physical infirmity. Appellant also candidly admits he and appellee are openly hostile to one another. Even though the child support has been low and sporadic, appellant regularly visited with his children on alternate weekends until of October of 1999, when visitation stopped. Appellant filed a motion for contempt and a motion for change of custody. After a hearing on the matter, the magistrate recommended appellee be found in contempt for her interference with appellant's visitation with the children. The magistrate found it would be inappropriate to change the children's residential parent. Based on the magistrate's in camera interview with the children, the magistrate recommended visitation be suspended until children could be evaluated, because the magistrate felt the children were so upset as to make forced visitation traumatic. The trial court overruled appellant's objections to the magistrate's decision, and adopted it as the order of the court.
 I
In his first assignment of error, appellant argues the magistrate's sua sponte modification of visitation failed to comply with the dictates of R.C. 3109.051. The statute sets forth a non-exhaustive list of factors a court should consider in determining visitation issues. Those factors include: (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
(2) The geographical location of the residence of each parent and the distance between those residences, and if the person who requested companionship or visitation is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;
(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
(4) The age of the child;
(5) The child's adjustment to home, school, and community;
(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to visitation by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested the companionship or visitation, as to a specific visitation schedule, or as to other visitation matters, the wishes and concerns of the child, as expressed to the court;
(7) The health and safety of the child;
(8) The amount of time that will be available for the child to spend with siblings;
(9) The mental and physical health of all parties;
(10) Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights, and if the person who requested companionship or visitation is not a parent, the willingness of that person to reschedule missed visitation;
(11) In relation to visitation by a parent, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to visitation in accordance with an order of the court;
(14) Whether either parent has established a residence or is planning to establish a residence outside this state;
(15) Any other factor in the best interest of the child.
R. C. 3109.051 (A) requires the court to make findings of fact and conclusions of law in support of its decision. Appellant argues the magistrate conceded the information offered by the children in chambers was not evidence, but relied heavily on the information in rendering his decision to suspend visitation pending psychological care for the children. The court also considered a letter Corey had written in 1998 to the juvenile court judge. In Smith v. Smith (1991), 75 Ohio App.3d 679, the Court of Appeals for Scioto County found a referee's report need not recite all the evidence regarding each and every factor set forth by the statute. In the case of In Re: Fetzer (1997), 118 Ohio App.3d 156, the Third District Court of Appeals found if a court's opinion, taken together with the other parts of the record, provide the basis upon which an appellate court can decide the issues presented, there is substantial compliance with the requirement for findings of fact and conclusions of law. Thus, if this court can determine from the magistrate's report the facts upon which he relied, then the magistrate substantially complied with the requirement to make findings of fact, even if he did not label them as such. The record indicates the children were ten and twelve at the time of the hearing. After the in camera interview, the court discussed with the parties the children's concerns. The magistrate conceded the things the children had reported were not evidence, and the magistrate advised the parties he was not finding the children's statements to be factually true. Instead, both the magistrate's report and the transcript of the proceedings clearly indicate the magistrate was disturbed by the way the parties had involved the children in the conflicts between the parents. Likewise, the court's discussion of Corey's letter to the court does not indicate the magistrate relied on the factual allegations Corey made, but rather, on the fact that Corey felt it necessary to write this letter. We have reviewed the magistrate's lengthy and detailed report, and we find the magistrate considered the relevant factors contained in the statute. We find the trial court did not err in adopting the magistrate's recommendation. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court applied an incorrect standard of review in reviewing the magistrate's decision and hearing appellant's objections to it. At the hearing, the court noted it had no transcript of the earlier hearing, and all it had to go on was the written record. The court found the magistrate had made a "good decision" in finding the children had been traumatized by the way visitation had been going, and the court stated on the record the magistrate was clearly within his "right" to terminate the visitation until steps could be taken to help the children cope. Appellant urges the trial court did not make an independent de novo review of the evidence and the applicable law, but rather simply rubber stamped the magistrate's decision. Civ.R. 53 (E) directs the magistrate to prepare a report. Within 14 days, either party may file written objections. The Rule requires the objections be specific, and any objection to a finding of fact should be supported by a transcript of the evidence submitted to magistrate, see Civ.R. 53 (E)(3)(b). It is well settled that the court may adopt the magistrate's actual findings without further consideration if the objecting party fails to submit a transcript in support of a challenge to a fact finding, see e.g. Helton v. Helton (1994),102 Ohio App.3d 733 . Certainly, this is what the court was alluding to when it found based upon the file before it the magistrate had made a good decision. While the court's remark that the magistrate was within his "rights" to terminate the visitation may have been an unfortunate phrase, nevertheless, the court's remarks taken as a whole, indicate it did conduct an independent review of all the materials presented to it before it overruled appellant's objections and adopted the magistrate's decision. We find the trial court did apply a proper standard to review the magistrate's decision. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur