OPINION
This is an appeal from an order of the domestic relations division of the court of common pleas.
Melody J. Quick and Joseph J. Kwiatkowski were divorced in 1997. Melody* was awarded custody of the parties' two minor children. Joseph was ordered to pay child support and was awarded the income tax dependent exemptions for the children. Joseph was also awarded the marital residence, in which Melody was allowed to reside until certain other transfers were made. The decree provides inter alia, that "(Melody) shall deliver said residence to the Defendant (Joseph) in as good condition as existed when the parties separated, normal wear and tear accepted (sic)." The parties were also awarded their respective items of personal property and household goods, which they were charged to divide by their alternative choices.
Within less than a year after their divorce the parties each filed several motions alleging that the other had failed to comply with the requirements of the decree, and/or asking that other requirements be modified. The issues were submitted to a magistrate, who rendered a decision on October 14, 1999.
The magistrate found Melody in contempt and ordered her to pay Joseph $9,236.86 for damage to the marital residence and $7,235.89 for articles of personal property that Joseph wished to have and which Melody had disposed of. The magistrate ordered Joseph's child support obligation reduced on a finding that his income had declined. The magistrate also declined to transfer the tax exemptions for the children to Melody, as she had requested.
Melody filed timely objections to the magistrate's decision. On November 21, 2000, the trial court overruled the objections and adopted the decision of its magistrate. Melody filed a timely notice of appeal from that decision.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING PLAINTIFF IN CONTEMPT FOR DAMAGES TO THE MARITAL RESIDENCE.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING PLAINTIFF IN CONTEMPT FOR REMOVAL OF PERSONAL AND OTHER ITEMS.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN AWARDING TO DEFENDANT DAMAGES IN THE AMOUNT OF $9,236.86 FOR ALLEGED DAMAGE TO THE MARITAL PREMISES AND $7,235.89 FOR ONE-HALF THE VALUE OF PROPERTY ALLEGEDLY TO BE SPLIT BY THE PARTIES.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN REDUCING CHILD SUPPORT TO $232 PER MONTH PER CHILD.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING REALLOCATION OF THE TAX EXEMPTION FOR THE MINOR CHILDREN.
These assignments of error are identical to the objections to the magistrate's decision that Melody filed in the trial court. Her arguments in support of these assignments of error are also much the same.
When it ruled on Melody's objections the trial court first reviewed the procedural history of the case and then stated:
 "In a detailed memorandum, Plaintiff objected to the magistrate's finding of contempt against her for damage to the marital residence and for removal of personal and other items. She objected to the magistrate's award to the Defendant of $9,236.86 for damage to the marital premises and of $7,235.89 for one-half the value of the property to be split by the parties. Plaintiff objected to the reduction of child support to $232 per month per child, and to the magistrate's denial of her motion to reallocate the income tax exemption.
 The Defendant similarly filed a thorough brief of the issues. His argument, essentially, is that the magistrate's conclusions were based on credibility determination, which the magistrate was in the best position to make. Defendant further urges the court to leave undisturbed the magistrate's award of his cost of repair and replacement of property items as a result of the damage done by Plaintiff to the marital home. He argues that the magistrate's computation of his annual income for purposes of calculating child support was accurate and supported by the record. Defendant points out that since his income is higher than Plaintiff's, he would derive more benefit from the income tax exemptions than would Plaintiff, and therefore his exercise of the exemptions is in the children's best interest.
 A magistrate, in making his or her findings and recommendations, is not required to recite all evidence or lack of evidence, presented at a hearing. Smith v. Smith (1991), 75 Ohio App.3d 679 . The magistrate applies the usual tests of credibility, demeanor, and character assessment and recites in the decision only those facts which go to the issues at hand, those facts which are the most believable and credible, and those supported by the weight of the evidence. The magistrate was in the best position to judge the character, demeanor and credibility of the parties as well as their witnesses. In reviewing a magistrate's decision pursuant to Civ.R. 53(E), the trial court is to conduct an independent analysis. Inman v Inman (1995), 101 Ohio App.3d 115. The facts as found by the magistrate support the ultimate legal conclusion reached in this matter.
 After careful consideration of the magistrate's decision, the parties' memorandums, and the record herein, the court finds that the Plaintiff's objections are not well-taken and are overruled. The magistrate's decision contains a thorough review of the substantial evidence which was presented. The court agrees with the Defendant that the magistrate was in the best position to assess the credibility of the parties' testimony. The court adopts the magistrate's reasoning and conclusions therein, and finds that they are supported by the record and consistent with applicable case law.
(Decision and Judgment, November 21, 2000, pp. 2-3.)
Formerly, Civ.R. 53(E) required a trial court in every case to make an independent review of the magistrate's decision, and then make its own determination. (See 1995 Staff Note to Civ.R. 53(E)). The rule was amended, effective July 1, 1996. Paragraph (4) of Civ.R. 53(E) now states, inter alia: "The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." This new rule confers discretion on the court to adopt the magistrate's decision summarily when no objections are filed. However, when objections are filed, Civ.R. 53(E)(4)(b) mandates that "[t]he court shall rule on any objections." It may then adopt, reject, or modify the magistrate's decision or recommit the matter to the magistrate. Id.
Abandonment of the provisions of former Civ.R. 53(E) that required the court to perform an independent review of a magistrate's decision in every case has seemingly caused some to conclude that the trial courts may apply an appellate standard of review when ruling on objections that are filed. That is not the case, as we explained in Rammel v. Rammel (May 5, 1997), Montgomery App. No. 15887, unreported, wherein we wrote:
 Article IV, Section 1 of the Ohio Constitution provides:
 The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law.
 Establishment of inferior courts is, therefore, a function of the General Assembly, accomplished through its statutory enactments. Pursuant to that authority the General Assembly has created municipal courts, county courts, and mayor's courts. R.C. Chp. 1901, et seq.
 Article IV, Section 5(B) of the Ohio Constitution authorizes the Supreme Court to "prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." Pursuant to this authority, the Supreme Court has adopted Civ.R. 53, which provides for the appointment, compensation, and powers of magistrates, as well as the procedure for reference of matters to them by courts of record. Civ.R. 53 governs all domestic relations magistrates and the cases or issues referred to them. Civ.R. 75(C).
 Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. Normandy Place Associates v. Beyer (1982), 2 Ohio St.3d 102, 443 N.E.2d 161. This rule has not been modified by the most recent amendments to Civ.R. 53 that became effective in 1995 and 1996.
 The "abuse of discretion" standard that the trial court applied to review the decision of its magistrate is an appellate standard of review. It is applicable to the review performed by a superior court of the judgments and orders of inferior courts. Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on Civ.R. 53(E)(3) objections to the decision of the appointed magistrates, as the trial court here did.
Id., pp. 2-3.
Some trial courts appear to be inclined to elevate the status of their magistrates to independent courts, relying on the amendments to Civ.R. 53 for the required hydraulic effect. We addressed the potential mischief that would work in Knauer v. Keener (June 15, 01), Clark App. No. 2000-CA-101, unreported, in which we stated:
 Civ.R. 53(E)(4)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. If the recent amendment to Civ.R. 53 were to be construed otherwise, that would result in the creation of approximately 600 new statutory and constitutional courts in Ohio, presided over by judicial officers who are not directly accountable to the electorate. We do not understand that the Ohio Supreme Court or the General Assembly intended that result when Civ.R. 53 was amended.
Id., a p. 6.
The trial court errs when it employs an appellate standard of review in ruling on objections to the decisions of its own magistrate, because an appellate court is then prevented from conducting an appropriate review of the discretionary choice the trial court made when it adopted its magistrate's decision. Reversal and an order of remand for a proper review are then required. In re Destiny Watts (June 29, 01), Montgomery App. No. 18665, unreported; In re Thomas (April 7, 2000), Montgomery App. No. 18029, unreported.
Here, while the trial court did not employ phrases such as "abuse of discretion" or "competent, credible evidence" when it adopted its magistrate's decision, it is plain to see that the court deferred to the decision of its magistrate to a degree ordinarily associated with an appellate review standard and incompatible with the de novo review of the objections to its magistrate's decision that Civ.R. 53(E)(4)(b) required the court to perform. Therefore, the trial court's judgment must be reversed and the case remanded for a proper ruling on the error alleged in Melody's objections.
Our purpose in making these distinctions is not to diminish the standing of magistrates. Ohio's approximately 600 magistrates occupy the point of entry into the judicial system for litigants in a great many cases. The trial courts would confront an almost impossible burden without the assistance of their magistrates. We all depend on the sound review of the facts, in particular, that magistrate's work involves. And, as the trial court noted here, the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes. Magistrates truly do the "heavy lifting" on which we all depend.
Even with these considerations in mind, however, we cannot lose sight of the functional differences between the trial and appellate courts, the role of the magistrate within the trial court, and the constitutional requirements which govern the creation of courts in Ohio. Those matters require us to support and enforce the distinctions which result from them.
The assignments of error are sustained. The judgment from which this appeal is taken will be reversed and the matter remanded for further proceedings.
FAIN, J. and YOUNG, J., concur.
* For clarity and convenience, the parties will be identified by their first names.