[Cite as *Tassone v. Tassone*, 2025-Ohio-4389.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zephynia S. Tassone, | : | |
| Plaintiff-Appellee, | : | No. 25AP-95 |
| | | (C.P.C. No. 17DR-4399) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Matthew Tassone, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 18, 2025

**On brief:** *Matthew Tassone*, pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

JAMISON, P.J.

{¶ 1} Defendant-appellant, Matthew Tassone, appeals an order to seek employment issued by the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we reverse and remand this matter for further proceedings consistent with this opinion.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On November 30, 2017, plaintiff-appellee, Zephynia S. Tassone, filed a complaint for divorce and sought custody of the parties' minor child. Appellant answered the complaint and filed a counterclaim for divorce. He also sought custody of the parties' minor child.

{¶ 3} Throughout the proceedings, this court was asked to review several decisions of the trial court. *See Tassone v. Tassone*, 2019-Ohio-683 (10th Dist.); *Tassone v. Tassone*, 2019-Ohio-1018 (10th Dist.); *Tassone v. Tassone*, 2020-Ohio-3151 (10th Dist.); *Tassone v. Tassone*, 2021-Ohio-4063 (10th Dist.).

{¶ 4}   On June 1, 2021, the trial court issued a judgment entry – decree of divorce.

{¶ 5}   This appeal arises from the trial court's adoption of the magistrate's December 13, 2024 order for appellant to seek employment.  Within that order, the magistrate found that appellant was unemployed, had no income, did not have an account in any financial institution, and was able to engage in employment.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Appellant assigns the following as trial court errors:

> [1.] The trial court erred and violated the Thirteenth Amendment to the Constitution of the United States in ordering Defendant to seek work.

> [2.]  In a recorded conversation, the CSEA (at the supervisory level) agreed with Defendant that a seek work order should not have been filed or pursued; however, the CSEA alleged that the court forced the CSEA to file a seek work order, all such allegations substantiated by recordings. **In forcing the CSEA to file a seek work order, the trial court erred.**

> [3.]  The trial court erred in not affording Defendant notice and an opportunity to be heard, and in knowingly using falsified documents regarding the seek work order; thus, the trial court violated Defendant's Right to Due Process.

> [4.]  The trial court erred in ordering Defendant to seek work.

## III.  STANDARD OF REVIEW

{¶ 7}   Pursuant to Civ.R. 53(E)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Civ.R. 53(E) imposes an affirmative duty on the parties to timely object to a magistrate's order, identifying any error of fact or law.  *Buford v. Singleton*, 2005-Ohio-753, ¶ 5 (10th Dist.).  This court has held that failure to object to a magistrate's decision or order waives the right to appellate review of all but plain error.  *Id*. at ¶ 6.  The Supreme Court of Ohio has stated that in applying the doctrine of plain error in civil cases, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected,

would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 1997-Ohio-401, ¶ 24.

## IV. LEGAL ANALYSIS

{¶ 8} Appellant alleges four assignments of error. However, our resolution of his third assignment of error renders his remaining assignments of error moot. In his third assignment of error, appellant alleges the trial court erred in not affording defendant notice and an opportunity to be heard regarding the seek employment order, violating his right to due process. Because appellant never objected to the December 13, 2024 magistrate's order to seek employment, appellant has waived all but plain error on appeal. Civ.R. 53(E)(3)(b)(iv).

{¶ 9} R.C. 3121.03(D)(1) states as follows: "[i]f the obligor under a court support order is unemployed, has no income, and does not have an account at any financial institution, or on request of a child support enforcement agency under division (D)(1) or (2) of this section, the court shall issue an order requiring the obligor, if able to engage in employment, to seek employment . . ." Although the magistrate made the aforementioned findings, it is unclear what information was used to support those findings. The administrative adjustment recommendation, filed on September 25, 2024 by the Franklin County Child Support Enforcement Agency ("CSEA"), contains recommendations regarding the amount of child support appellant should pay. However, that recommendation does not include a seek employment order. Appellant does not challenge the amount of child support he was ordered to pay. Appellant is simply challenging the order for him to seek employment. It appears from the record that the court *sua sponte* issued an order requiring appellant to seek employment.

{¶ 10} In *Smith v. Smith*, 75 Ohio App.3d 679, 684 (4th Dist. 1991), the custodial parent appealed the trial court's judgment ordering she seek employment. She argued that the trial court's seek employment order was not supported by sufficiently detailed findings of fact in the magistrate's report to enable the appellate court to make an independent analysis of the issues. The Fourth District Court of Appeals found that "neither the record transmitted on appeal nor the referee's report contains sufficient information to support the court's *sua sponte* judgment ordering appellant to seek employment." *Id.* at 685. The Fourth District pointed out that no parties requested the seek employment order, and the

first time such an order was even mentioned was when the referee recommended that appellant be required to seek employment. *Id.* More importantly, the Fourth District stated, "The factor of primary importance in our review is that appellant did not have the opportunity to defend against the court's *sua sponte* imposition of a seek employment order." *Id.* The appellant's assignment of error was sustained.

{¶ 11} In *Dorsett v. Wheeler*, 101 Ohio App.3d 716, 719 (3d Dist. 1995), the Third District Court of Appeals engaged in a plain-error analysis in response to a challenge to the trial court's seek employment order. In finding that the matter was one of the extremely rare cases where the exercise of the plain-error doctrine was necessary to prevent a manifest miscarriage of justice, the Third District emphasized that the appellant may not have foreseen that the trial court would *sua sponte* order her to seek employment. *Id.* at 720-721. Furthermore, there was no evidence presented regarding the issue, and there was no indication that the trial court considered the best interests of the child in imposing such an order. *Id.* at 721. Ultimately, the Third District held that "the trial court erred to [appellant's] prejudice when it unilaterally ordered her to seek employment without first determining the best interests of the children in this matter." *Id.*

{¶ 12} Although not binding upon this court, given the similarities between this case and *Smith* and *Dorsett*, we find these decisions instructive. It should be noted that the only difference between these three cases is that *Smith* and *Dorsett* involved seek employment orders for child support obligees. Here, appellant is the child support obligor. However, in *Smith*, the status of the party subject to the seek employment order did not factor into the court's decision. *Smith* at 685. Here, just as in *Smith* and *Dorsett*, appellant was neither put on notice about the possibility of a seek employment order, nor was he provided an opportunity to be heard on the issue. Nowhere in the record does it indicate that any of the parties requested a seek employment order. The trial court *sua sponte* ordered appellant to seek employment.

{¶ 13} Moreover, this appears to be done without a hearing and there is no indication as to what the trial court relied upon for the factual findings required by R.C. 3121.03(D)(1). It is undisputed that appellant's sole source of income is disability due to injuries sustained while serving in the United States Army. Although there are various documents contained in the record regarding appellant's employability and earnings

potential, those documents contain no information as to appellant's *current* employability. Lastly, there is no evidence that the trial court considered the best interests of the child in imposing a seek employment order on appellant. Appellant's third assignment of error also alleges that the trial court "knowingly us[ed] falsified documents" in issuing its order. (Appellant's Brief at 4.) However, that allegation is not supported by the record before us. Thus, to the extent appellant argues that the trial court knowingly relied on falsified documents, that portion of his third assignment of error is overruled.

{¶ 14} Based on the foregoing, we find that the trial court plainly erred in ordering appellant to seek employment, but because the record does not support appellant's allegation that the trial court knowingly relied upon falsified documents, we sustain in part and overrule in part appellant's third assignment of error.

## V. CONCLUSION

{¶ 15} Having partially sustained appellant's third assignment of error, the trial court's order for appellant to seek employment is reversed. In light of our resolution of appellant's third assignment of error, his remaining assignments of error are rendered moot. This matter is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations, for further proceedings. Upon remand, appellant shall be provided notice and an opportunity to defend himself against the imposition of a seek employment order. Further, the trial court should consider whether such an order is in the best interest of the child.

*Judgment reversed;*
*cause remanded.*

EDELSTEIN and LELAND, JJ., concur.

_____