LOGUE, APPELLEE, *v.* WILSON, APPELLANT.

[Cite as Logue v. Wilson (1975), 45 Ohio App. 2d 132.]

(No. 75AP-64—Decided June 17, 1975.)

*Messrs. Knepper, White, Richards & Miller* and *Mr. Douglas M. Bricker,* for appellee.

*Messrs. Schwartz & Fisher* and *Mr. Alexander M. Spater,* for appellant.

MCCORMAC, J. Appellee filed a complaint against the appellant, setting forth two demands, the first for the replevin of a kitchen table, and the second for a judgment in money damages for the repair of plaintiff's premises, which plaintiff claimed were damaged during the period when defendant was a tenant. A hearing concerning the replevin took place before a referee of the Franklin County Municipal Court on December 17, 1974. The referee, after hearing the testimony, entered the following notation on the court's half sheet:

"Case called. Plaintiff and defendant in court. Show cause hearing held. Judgment is rendered for plaintiff for writ of replevin for property described."

On the same day, December 17, 1974, a judge of the Municipal Court entered the following notation: "Referee's report approved. *Jenkins*"

Defendant filed a motion to vacate and objections to

the referee's report within fourteen days after judgment was rendered on December 17, 1974. The motion to vacate was based on the fact that the trial court had not followed the procedure set forth in Civ. R. 53. On January 9, 1975, another judge of the Municipal Court overruled the motion as follows:

"If Rule 53 of the Ohio Rules of Civil Procedure applies at all to this case, then the entire rule applies. Rule 53 (C) requires that a person specifically request a record of the evidence. There is no indication that this was done here; however, Defendant relies completely on the alleged failure of the referee to comply with said Rule 53 (E2). Before this provision could apply, the Court must have directed that the referee file a report pursuant to Rule 53 (E1). There is no showing that the Court so directed. Rather our Court has adopted Rule 7.04 which provides that the referee make a recommendation in this type of case which, when approved by the Duty Judge, becomes the *final order of the Court*. Pursuant to this Rule Judge Jenkins made a final order of the Court on Dec. 17, 1974. Apparently, Defendant finds no objection to the recommendation of the referee as she raises none and both she and her attorney attended the hearing. For the reasons given the motion to vacate is overruled."

From the judgment of the trial court overruling the motion to vacate, defendant has appealed, setting forth the following assignment of error:

"As the requirements of Ohio Rules of Civil Procedure, Rule 53, were not followed, the Trial Court erred in overruling the Motion to Vacate."

The first issue facing this court is whether there was a final judgment from which an appeal may be taken. The record shows that plaintiff asserted two demands against defendant: the first for the replevin of the kitchen table, and the second for the recovery of damages relating to defendant's tenancy. Defendant denied the allegations of the second claim, and that claim remains pending in the trial court. The judgment entry approving the referee's report contains no express determination that there is no just reason for delay in finalizing the judgment of the replevin claim.

The jurisdiction of the Court of Appeals, other than original jurisdiction, is granted by Section 3(B), Article IV of the Ohio Constitution, as follows:

"* * * [S]uch jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals. * * *"

In addition, R. C. 2505.02 provides, in pertinent part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

Consequently, it is necessary that the order or judgment appealed from be final in order for the Court of Appeals to have jurisdiction over the subject matter. Until the civil rules were adopted, on July 1, 1970, it was frequently difficult to determine whether a judgment disposing of less than all of an action was an appealable order under the foregoing provisions. In order to clarify this matter, Civ. R. 54(B) was adopted. It provides, as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

It is thus clear that where a judgment is entered dis-

posing of less than all the claims asserted in the action before it, the judgment is temporary and subject to further revision at any time before the entire case is adjudicated, unless the trial court expressly determines in its judgment entry that there is no just reason for delay. Applying that rule to the case at hand, it is readily apparent that this court has no jurisdiction to dispose of the present appeal on the merits and that the appeal must be dismissed.

The second claim remains pending between plaintiff and defendant. The judgment of the court, entered December 17, 1974, disposing of the first claim in replevin, does not contain the express language required by Civ. R. 54(B), that there has been a determination by the court that there is no just reason for delay; hence, this appeal is premature as it is not from a final order.

Although the appeal is being dismissed for the foregoing jurisdictional reasons, a few comments are in order concerning the procedure utilized in this case. Civ. R. 53, pertaining to the referral of cases to referees, is fully applicable to the Franklin County Municipal Court which may not promulgate rules inconsistent with the civil rules. See Civ. R. 83. An important part of Civil Rule 53 is that providing for the preparation of a report by the referee upon the matter submitted to him, the filing of such with the clerk of the court, and the mailing of copies to the parties. Thereafter, the parties are given fourteen days to serve written objections concerning the report upon the other parties and to apply to the court for action upon the report. The court may adopt the report or modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. See Civ. R. 53 (E)(1) and (2). The impact of these provisions is that the judgment is to be that of the court, rather than the referee, and that, *before* judgment is entered, the parties have an opportunity to disagree with the referee's report. Further, Civ. R. 53 (E)(5) provides that the report of the referee shall be effective and binding only when approved and entered as a matter of record by the court. This approval contemplates a compliance with the previous sections of Civ. R. 53(E), concerning the fourteen day period in which objections to

the report must be filed, and the other matters contained therein. It must be emphasized that the referral to referees is not to be construed as granting referees a right to render a judgment which has not received the independent analysis of the court.

While the rules of the Franklin County Municipal Court in effect at the time of the particular proceeding were not in conflict with Civ. R. 53, the method in which they were utilized was in conflict and improper for two reasons: (1) judgment was entered by the court on the same day it received the "report" of the referee; and (2) the referee failed to provide a proper report.

One further important part of the procedure used in the instant case needs clarification. The report of the referee at the minimum requires a statement of the basis of his findings and recommendations in order that the judge may make an independent analysis of its validity prior to approving the report and entering judgment. The report in the instant case was not a report that complied with the requirements or spirit of Civil Rule 53. The report in the instant case, in reality, constituted a judgment which the trial court merely rubber-stamped. While it is not inconsistent with Civ. R. 53 that the referee recommend a proposed judgment to the referring court, it should not be worded as a judgment and it should contain sufficient information from which the judge may render his own decision.

It is noted that neither originally, nor in the motion to vacate, has a trial court judge ever considered the basis of the referee's findings and recommendation. Since the judgment entered on December 17, 1974, pertaining to the replevin claim, is interlocutory rather than final, the trial court should consider objections to the report, thereby complying with Civ. R. 53, before entering a final judgment in regard to this claim. For the reasons expressed herein, this appeal is dismissed.

*Appeal dismissed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.