## In the Matter of Carlson
*[Cite as 8 AOA 629]*

*Case No. 89-A-1486*
*Ashtabula County, (11th)*
*Decided November 9, 1990*

*Jon T. Field, 4366 Main Avenue, P.O. Box 1276, Ashtabula, Ohio 44004, for Defendant-Appellant.*

*Gregory Brown, Ashtabula County Prosecutor and Terrence Jones, Assistant County Prosecutor, 25 W. Jefferson Street, Jefferson, Ohio 44047 for Plaintiff-Appellee.*

FORD, J.

On October 2, 1989, a complaint was filed with the Ashtabula County Juvenile Court alleging that appellant, Scott Carlson, was a delinquent child for having committed two acts which, if committed by an adult, would each constitute Breaking and Entering under R.C. 2911.13(A). The first such act allegedly occurred on September 29, 1989, and the second allegedly took place on September 30, 1989.

On October 10, 1989, a hearing was held before a referee. In his report, the referee set forth findings of fact from which he concluded that appellant should be adjudicated delinquent for having committed breaking and entering on September 30, 1989, and recommended appellant be committed to the Department of Youth Services for a minimum period of six months and a maximum period not to exceed appellant's attainment of twenty-one years of age.

The referee recited the basis for his conclusion in his report. In essence, the referee found that:

"1. Appellant and another subject juvenile were parked outside Sandidge's Union 76 service station; and were on the Sandidge property when arrested by Deputy Hudson.

"2. They were the only persons arrested by Deputy Hudson that night.

"3. The juveniles were the only persons in deputy Hudson's cruiser that night.

"4. Later, Deputy Hudson found a blue bag with money inside it, under the seat of his Sheriff's car. The bag belonged to the service station owner.

"5. Deputy Hudson had inspected his cruiser before he began his shift (apparently finding no blue bag)."

Appellant timely objected to the sufficiency of this report alleging that it did not contain findings of fact sufficient for the court to make an independent analysis of the issues and to apply the rules of law in reaching a judgment. On October 13, 1989, the Ashtabula County Juvenile Court conducted a hearing, but did not take in any additional evidence. Upon completion of oral argument,

the court adopted the findings and recommendations of the referee's report.

From the trial court's judgment, appellant appeals raising this sole assignment of error:

"The Ashtabula County Juvenile Court erred to the prejudice of Scott A. Carlson when it affirmed the report of the referee when the referee's report was itself in error, there being insufficient evidence as a matter of law to sustain the finding that Scott A. Carlson had committed the delinquent act of breaking and entering."

Before addressing appellant's assignment, this court must take note that after filing an appeal with this court, appellant prepared a Statement of Evidence or proceedings, pursuant to App. R. 9(C). Appellant premised the legitimacy of this statement on the fact that a transcript of the referee's proceedings was not available (recording system malfunction) for the trial court and is not available for this court on review. The trial court judge approved the statement on March 22, 1990.

The trial court's approval of an App. R. 9(C) statement was inappropriate in the instant case.

When addressing appellant's objections to the sufficiency of the referee's report, the trial court did not have a transcript before it, and failed to hear additional evidence, not contained in the referee's report, which it is authorized to do under Juv. R. 40(D)(2). Thus, the trial court limited itself to a review of the referee's findings of fact. This court, as a reviewing court, is likewise limited to that which was appropriately before the trial court. Accordingly, a trial court judge may not prospectively approve an App. R. 9(C) statement containing evidence that was not part of the record before him.

Although appellant's App. R. 9(C) statement is defective, this court is nevertheless able to address appellant's assignment because the necessary facts and information are part of the record independent of the statement. In other words, the referee's report provides an adequate basis for review.

Appellant's sole assignment alleges that there was *insufficient evidence* to support the referee's finding of delinquency based upon the absence of any evidence whatsoever placing appellant inside the service station, and thus the trial court erred in adopting the referee's report and recommendation paren-

thetically, this court notes that appellant's objection was to the sufficiency of the report, and not an objection to the specific factual findings under Juv. R. 40(D)(6). Accordingly, appellant was not required to submit an affidavit about the evidence in the absence of a transcript.

Juv. R. 40(D)(5) is the subject of this assigned error, and the rule reads as follows:

"(5) When Effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. *The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order.* The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to such an error or defect. The court shall enter its own judgment on the issues submitted for action and report by the referee." (Emphasis added.)

Civ. R. 53(E)(5) is the mirror image of Juv. R. 40(D)(5), and the following citation is instructive and appropriate:

"We have previously held that Civ. R. 53(E) contemplates a report from the referee which includes a statement of the basis of his findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. Accordingly, the report must include sufficient information to enable the trial judge to render his own decision. *Logue v. Wilson* (1975), 45 Ohio App. 2d 132 (74 O.O.2d 140). Obviously, if the report does not include a statement of the facts forming the basis for the referee's recommendation, the trial court cannot adopt the recommendation as an order of the court since the report lacks the necessary information upon which an independent analysis of questions of law raised by the controversy can be based." *Zacek v. Zacek* (1983), 11 Ohio App. 3d 91, 93-94.

In order to address whether the referee made factual findings sufficient to provide a basis upon which the trial court could undertake an "independent analysis," it is first necessary to examine the elements of the underlying offense of breaking and entering

and how it relates to a finding of delinquency. To establish a violation of R.C. 2911.13, the state must prove beyond reasonable doubt that appellant:

1) trespassed in an unoccupied structure; 2) by force, stealth or deception; and 3) with the purpose to commit a theft offense or any felony therein. A failure to do so precludes an adjudication of delinquency. R.C. 2151.35 and Juv. R. 29(E)(4).

Here, the report failed to include *any* factual deductions placing appellant in an unoccupied structure. Moreover, it failed to establish that the service station was entered by "force, stealth, or deception." Accordingly, it lacked sufficient factual information as to each element of the underlying offense, and the report is deficient under *Zacek, supra.*

By adopting the referee's report and recommendation "as is," without conducting an evidentiary hearing pursuant to Juv. R. 40(D)(2), the trial court perfunctorily approved a deficient report without making an independent analysis. *Logue, supra; Wellborn v. K-Beck Furn. Mart, Inc.* (1977), 54 Ohio App. 2d 65. As such, the judgment resulting therefrom is void. *Eisenberg v. Peyton* (1978), 56 Ohio App. 2d 144.

Appellant's assignment of error is sustained.

Accordingly, the judgment of the trial court is reversed, and judgment is entered in favor of appellant.

MAHONEY, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., Retired, Eleventh Appellate District, sitting by assignment.