THE STATE EX REL. UNGER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Unger v. Indus. Comm.* (1994), 70 Ohio St.3d 672.]

(No. 93–1726—Submitted August 31, 1994—Decided November 9, 1994.)

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Porter, Wright, Morris & Arthur, Karl J. Sutter and Christopher C. Russell, for appellee Columbus Southern Power Company.

Lee Fisher, Attorney General, Michael P. O'Grady and Richard A. Hernandez, Assistant Attorneys General, for appellee Industrial Commission.

Per Curiam. There are three components to claimant's challenge, involving both the order itself and the circumstances surrounding its issuance. Claimant poses two challenges to the circumstances preceding the commission's final order. Claimant initially asserts a due process violation based on allegedly ex parte communications between CSOE and the commission. Claimant's argument fails for two reasons.

First, the record does not identify the extent, if any, to which ex parte communications actually took place. Because the claimant was already on notice as to the disposition of his application after the first denial order issued, the only relevant time frame for examining any ex parte contact is the period between the first hearing and the first denial. The record, however, provides an incomplete picture of events therein. It is known only that on September 3, 1991, CSOE, "pursuant to your [the commission's] request from our August 22, 1991 hearing," tendered a proposed denial order. Unfortunately, the parties disagree as to whether the permanent total disability denial and draft request were announced at the permanent total disability hearing. Thus, the extent to which CSOE's submission of the order was unknown to claimant is not revealed.

Second, assuming arguendo that ex parte communication occurred, it does not automatically constitute a due process violation. As stated in Southwest Sunsites, Inc. v. Fed. Trade Comm. (C.A.9, 1986), 785 F.2d 1431, 1436–1437:

"Ex parte communications do not void an agency decision." PATCO v. FLRA, 685 F.2d 547 (D.C.Cir.1982). "The agency decision is voidable and the court will consider whether 'the agency's decisionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either to an innocent party or to the public interest that the agency is obliged to protect.' Id. at 564. Relevant considerations are the gravity of the ex parte communication, whether the communication may have influenced the decision, whether the party making

the communication benefited from the decision, whether opposing parties knew of the communication and had an opportunity to rebut, and whether vacation and remand of the decision would serve a useful purpose. *Id.* The court is concerned primarily with the integrity of the process and the fairness of the result rather than adherence to mechanistic rules. *Id.*

"Petitioner's allegation must overcome a presumption of honesty and integrity on the part of the Commission, and thus a presumption that the decision rests on proper grounds. *Porter County Chapter v. Nuclear Regulatory Commission,* 606 F.2d 1363, 1371 (Cir.D.C.1979)." See, also, *Withrow v. Larkin* (1975), 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712; *Haller v. Robbins* (C.A.1, 1969), 409 F.2d 857; *North Carolina v. Environmental Policy Inst.* (C.A.4, 1989), 881 F.2d 1250; *Massman Constr. Co. v. Tennessee Valley Auth.* (C.A.6, 1985), 769 F.2d 1114; *Verdin v. O'Leary* (C.A.7, 1992), 972 F.2d 1467; *United States v. Frazin* (C.A.9, 1986), 780 F.2d 1461.

We employed similar reasoning in *In re Investigation of Natl. Union Fire Ins. Co. of Pittsburgh, Pa.* (1993), 66 Ohio St.3d 81, 609 N.E.2d 156. Rejecting a constitutional claim arising out of alleged *ex parte* communications, we wrote:

"Incumbent upon National Union was the burden to overcome the presumption of honesty and integrity affording those serving as adjudicators. *Withrow v. Larkin* (1975), 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723. In the absence of such proof and taking the administrative process as a whole, we are unable to agree with National Union that such *ex parte* communications, standing alone, violated its right to due process." *Id.*, 66 Ohio St.3d at 88, 609 N.E.2d at 161.

In this case, claimant has neither established that the commission's decision to deny permanent total disability was influenced by *ex parte* contact nor has it overcome the presumption of honesty and integrity that attaches to the commission's deliberations and decisions. Accordingly, claimant's due process argument fails.

Claimant also attacks the commission's adoption of an order written by CSOE. Claimant, however, cites no authority that requires that an order be personally written by one of the voting commissioners. So long as the order reflects the reasoning of the commission gained by the commission's meaningful review of the evidence—as *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920, demands—authorship is not dispositive.

Claimant's reliance on *Logue v. Wilson* (1975), 45 Ohio App.2d 132, 74 O.O.2d 140, 341 N.E.2d 641, is misplaced. *Logue* prohibits a court from adopting and entering judgment on a referee's report that does not state the basis of its findings and recommendation. Such a deficient report forecloses independent

judicial evaluation, and the adoption of such a report, the court held, equated to judicial rubber-stamping.

The present case is distinguishable in two respects. First, unlike the judge in *Logue*, the decision-maker in this case attended the evidentiary hearing. The commission was not, therefore, dependent on another's assimilation of the evidence. Second, the proposed order in the instant case did not lack written findings in support. To the contrary, the CSOE draft contained extensive findings that the commission was free to either accept or reject upon independent evidentiary review.

Claimant also challenges the commission's reliance on the ARS vocational report. The commission, however, is the exclusive evaluator of evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. It was the commission's prerogative to find the ARS report more persuasive than that of Baxter Sportmed.

Claimant's challenge, despite his protestations to the contrary, simply reflects, in our view, claimant's disagreement with the report's characterization of his medical profile. For example, while claimant viewed his age, education and work history as impediments to reemployment, ARS disagreed.

Claimant also accuses ARS of improperly evaluating a "theoretical individual" rather than claimant. This assertion is based on ARS's evaluation of claimant's nonmedical data without actually examining claimant. However, with one exception, claimant does not allege that any of the data evaluated was inaccurate. Moreover, that the evaluator allegedly misunderstood claimant's most recent job duties is immaterial, since the employer does not dispute the medical consensus that claimant cannot return to that job.

To invalidate the ARS report under claimant's theory would in effect be to hold that any report that is not based on personal examination cannot constitute "some evidence." Such a ruling would conflict with *State ex rel. Wallace v. Indus. Comm.* (1979), 57 Ohio St.2d 55, 11 O.O.3d 216, 386 N.E.2d 1109, *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433, and *State ex rel. Paragon v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372, all of which have approved the evidentiary validity of reports issued by nonexamining physicians.

Claimant alleges that the ARS report did not consider the effect of his pain on his ability to work. The ARS report, however, was directed primarily at claimant's *non*medical capabilities. The three physicians' reports on which the commission relied all acknowledged claimant's complaints of pain. Thus, pain was factored into the overall analysis of permanent total disability. We accordingly find that the ARS report was "some evidence" on which the commission could rely.

Claimant lastly complains of the lack of written commission guidelines on permanent total disability evaluations. However, as we have previously held, the lack of guidelines is insufficient to invalidate the commission's order. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.